GUILLERMO VIVAS VALDIVIESO, Plaintiff and Appellee, *v.* NICOLÁS PETRILLI ET UX., Defendants and Appellants.

No. 9414. Argued November 4, 1946.—Decided November 18, 1946.

618

R. *Hernández Matos* for appellants. *Agustín E. Font* and *J. Guillermo Vivas* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

The plaintiff-appellee has asked us to dismiss this appeal on the ground that the defendants-appellants allowed the period fixed by law (§ 12, Unlawful Detainer Act, § 631 of the Code of Civil Procedure, 1933 ed., as amended by Act No. 170 of May 9, 1942, Sess. Laws, p. 888) for furnishing a bond and perfecting the appeal, to expire without filing any bond.

The judgment appealed from was rendered on August 15, 1946, ordering the eviction of the defendants. They appealed on August 20, 1946, when they were served with notice of the judgment, and on that same day they petitioned the trial court to fix the amount of the bond which they must furnish in order to perfect their appeal. On the 22d of that same month the court issued an order fixing the amount of the bond at $200, which was notified to the appellants on the same day.

On September 28, 1946, no bond having yet been filed, the plaintiff-appellee filed the motion for dismissal now under consideration.

In their opposition to that motion, the appellants allege that they furnished security on October 11, 1946, by depositing with the clerk of the court the sum of $200 in cash; and argue, that in making said deposit the appeal was perfected, since, as alleged by them, § 631 of the Code of Civil Procedure, as amended by Act No. 170 of 1942, does not fix as an indispensable requisite to the exercise of the right of appeal,

the depositing of the amount of the indebtedness or the filing of a bond within the period granted for taking the appeal.

■■ Section 630 of the Code of Civil Procedure (§ 11, Unlawful Detainer Act) provides that appeals in actions of unlawful detainer "shall be taken within a term of five (5) days counting from the date on which notice of the judgment was given to the parties prejudiced thereby, or to their attorneys, by the clerk of the corresponding court."

Section 631 of that same Code (§ 12 of the Unlawful Detainer Act), prior to the amendment of 1942, provided as follows:

"Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment. In all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, binding himself to pay all damages which may be occassioned to the plaintiff, and also the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal."

Section 631, as amended by the aforesaid Act No. 170 of 1942, reads thus:

"The defendant shall be denied the right of appeal unless he executes an undertaking to the satisfaction of the court, to answer for damages he may occasion to the plaintiff, and for the costs of the appeal; and when the unlawful detainer is based on the nonpayment of sums agreed upon, the defendant may, at his option, execute the said undertaking, or deposit with the clerk of the court the amount of the indebtedness up to the date of judgment."

The main purpose of the amendment was to exempt the defendant in an action of unlawful detainer from the obligation of depositing with the clerk of the court, in cash, the amount due up to the date of the judgment, as a condition precedent to the taking of an appeal, by allowing the defend-

ant-appellant, at his option, to deposit with the clerk of the court the amount of the indebtedness or to file a bond to secure its payment.

The time for filing a bond or depositing with the clerk the amount due, has been clearly and specifically fixed by § 630 and by § 631, as amended, *supra,* when providing that "The defendant shall be denied the right of appeal unless he executes an undertaking to the satisfaction of the court, to answer for damages he may occasion to the plaintiff, and for the costs of appeal; . . ." If under § 630 the period for instituting an appeal is 5 days, counted from the date on which notice of the judgment was served on the parties, the execution of the undertaking or the deposit of the amount due must necessarily be made within that same period of 5 days, for if this is not done, the court will lack jurisdiction to allow and take cognizance of the appeal. The third paragraph of § 631 was undoubtedly eliminated as superfluous.

 Since in the case at bar the bond was filed on October 11, 1946, that is, 52 days after notice of the judgment was served on the defendants, the conclusion is unavoidable that the appeal taken by the defendants was not perfected within the term fixed by the statute and, therefore, this court lacks jurisdiction to take cognizance of the appeal, which should be dismissed.